IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RIC (LAVERNIA) LLC, | § | Case No. 24-51195-mmp |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |
| RIC (LAVERNIA) LLC, | § | |
| | § | |
| Plaintiff | § | Adversary No. 24-05043-mmp |
| | § | |
| v. | § | |
| | § | |
| MILESTONE CAPITAL CRE 1, LLC; | § | |
| LORI DAVES AND JOHN DAVES, AS | § | |
| SUBSTITUTE TRUSTEE; ANDRES | § | |
| CEDILLOS, | § | |
| | § | |
| Defendants | § | |

## RIC (LAVERNIA) LLC'S VERIFIED RESPONSE TO LORI AND JOHN DAVES'S VERIFIED DENIALS

NOW BEFORE THE COURT comes Plaintiff RIC (Lavernia) LLC ("*Plaintiff*" or "*RIC*") with its verified response in opposition to Defendants Lori and John Daves's (collectively, "*Daves*") verified denials. [Dkt. No. 12]. For the reasons set forth below, Plaintiff respectfully requests that the Court overrule Daves' Verified Denial and find that Daves are necessary parties to this lawsuit.

### FACTS

Plaintiff owns real property located in Wilson County, Texas, the legal description of which is included in the exhibit attached hereto as Exhibit A (the "Property"). A true and correct copy of the Substitute Trustee's Deed conveying title to the Property is attached hereto as Exhibit A.

**PLAINTIFF'S VERIFIED RESPONSE**                                                                                                          **PAGE 1**

The property is allegedly encumbered by a deed of trust (the "Deed of Trust") in favor of Defendant Milestone Capital CRE 1, LLC ("Milestone") allegedly securing a loan between Milestone and non-party OTISCO RDX, LLC ("OTISCO"). A copy of the Deed of Trust is attached hereto as <u>Exhibit B</u>.

Milestone appointed Daves as substitute trustees under the Deed of Trust as set forth in that certain Appointment of Substitute Trustee dated February 13, 2024, and filed on March 12, 2024, in the Official Records of Wilson County, Texas, at Document Number 2024-140814 (the "Appointment"). A true and correct copy of the Appointment is attached hereto as <u>Exhibit C</u>. **The Daves admit this fact.** *See* Adversary Dkt. 13, ¶ 22.

On March 12, 2024, Daves filed a Notice of Acceleration and Notice of Substitute Trustee Sale with the County Clerk of Wilson County, Texas, at Document Number 2024-269 (the "Notice of Sale"). A true and correct copy of the Notice of Sale is attached hereto as <u>Exhibit D</u>. **The Daves admit this fact.** *See* Adversary Dkt. 13, ¶ 24.

The Notice of Sale, filed on March 12, 2024, states that a non-judicial foreclosure sale of the Property would occur on March 12, 2024, at 10:00 a.m. or within three (3) hours thereafter. *See* Ex. D, p. 2. **The Daves admit this fact.** *See* Adversary Dkt. 13, ¶ 26.

No sale occurred on March 12, 2024. In fact, the Notice of Sale was filed with the County Clerk *after* the time identified therein. **The Daves admit this fact.** *See* Adversary Dkt. 13, ¶ 27.

Instead, Daves purported to conduct a non-judicial foreclosure sale of the Property on April 2, 2024, at 12:30 pm (the "Sale"). No notice of the Sale was filed with the County Clerk reflecting a sale to occur on this date or time. **The Daves admit these facts.** *See* Adversary Dkt. 13, ¶¶ 28-29.

Despite this, Daves purported to grant, sell, and convey the Property to "Milestone

Capital CRE I, LLC" as set forth in that certain Substitute Trustee's Deed dated April 2, 2024, and filed on April 8, 2024, in the Official Records of Wilson County, Texas, at Document Number 2024-141408 (the "Trustee's Deed"). A true and correct copy of the Trustee's Deed is attached hereto as <u>Exhibit E</u>. **The Daves admit this fact.** *See* Adversary Dkt. 13, ¶ 27.

## ARGUMENTS AND AUTHORITIES

In their Verified Denials, Daves claim that they are not necessary parties because they are sued solely in their capacities as Substitute Trustees; because the claims to which Plaintiff seeks declaratory judgment involve a dispute regarding security interests to which Daves are not involved; and "[t]o the extent that Plaintiff is asserting that [Daves are] personally liable to Plaintiff, any error was committed in good faith and on reliance from information provided by the mortgagor, mortgagee or their respective attorney, agent, or representative, or another third party.. *See* Dkt. No. 12 at ¶¶ 1-2, 5-7, 11.

Section 51.007 of the Texas Property Code states that:

> The trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.

TEX. PROP. CODE § 51.007(a). "A trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." Id., § 51.007(f). The trustee shall be dismissed unless a party timely files a verified response objecting to the denial. *See* id., § 51.007(c). If a party timely files its verified response, the Court shall set the matter for a hearing to determine whether the trustee is a necessary party. *See* Tex. Prop. Code § 51.007(d). Such verified response must "set[] forth all matters, whether in law or fact, that rebut the trustee's verified denial." Id. § 51.007(b).

When a "plaintiff seeks to preclude foreclosure and names a trustee as a defendant, the trustee is not a nominal party if the plaintiff alleges viable facts to support the named trustee committed bad faith, or there were defects in notice given, or the trustee committed other verifiable acts to support a viable cause of action against him." *Davies Enterprises, LLC v. Blue Sky Bank*, No. SA-23-CV-01527-JKP, 2024 WL 1543233, at *5 (W.D. Tex. Apr. 9, 2024) (citing cases).

Plaintiff's claims against the Daves arise from the Daves' failure to adhere to Section 51.002 of the Texas Property Code. The material facts are <u>undisputed</u>: (a) the Daves did not post notice of the foreclosure sale of the Property that they conducted on April 2, 2024; and (b) despite conducting a defective foreclosure sale, the Daves proceeded to record a Trustee's Deed conveying title from Plaintiff to Milestone. *See* Adversary Dkt. 13, ¶¶ 27-30. As a result, Plaintiff was required to file suit against the Daves seeking to declare the Trustee's Deed invalid and quiet Plaintiff's title to the Property.

Texas law provides that the Daves can be individually liable for their actions here. "The power of a trustee to sell property for a party is derived solely from the applicable deed of trust and can only be exercised in strict compliance with it and Texas law." *In re George West 59 Inv., Inc.*, 526 B.R. 650, 658 (N.D. Tex. 2015) (citing, *e.g.*, *Michael v. Crawford*, 193 S.W. 1070, 1070-71 (Tex. 1917)). "In Texas, a trustee may be individually liable for failing to comply with the terms of the deed of trust or the notice and sale provisions of § 51.002 of the Texas Property Code." *Davies Enterprises, LLC v. Blue Sky Bank*, No. SA-23-CV-01527-JKP, 2024 WL 1543233, at *5 (W.D. Tex. Apr. 9, 2024) (citing cases). "These duties apply to the trustee." *Davies Enters.*, 2024 WL 1543233, at *5.

Section 51.002(b) requires a notice of a foreclosure sale be posted 21 days before the date of the sale. TEX. PROP. CODE § 51.002(b). "[I]t is mandatory, under sections 51.002 and 51.0075(e) of the Texas Property Code, that a notice of foreclosure sale . . . [is] posted and recorded at least 21 days before the foreclosure sale." *In re George West 59 Inv.*, 526 B.R. at 663 (citations omitted). Daves failed to comply – the Daves posted notice of a March 12, 2024 sale on March 12, 2024. Further, the Daves conducted a sale on April 2, 2024, without posting any notice of an April 2, 2024, sale. The Daves are therefore subject to liability for failing to comply with Section 51.002(b).

"The sale must begin at the date stated in the notice of sale or not later than three hours after that time." Id., § 51.002(c). The notice of sale posted by the Daves on March 12, 2024, recited a sale date of March 12, 2024. The Daves did not conduct the sale on March 12, 2024, but rather did so on April 2, 2024, subjecting them to liability for violating Section 51.002(c).

The failure to strictly adhere to Texas Property Code Section 51.002's notice requirements renders a subsequent sale "void". *In re AMRCO, Inc.*, 496 B.R. 442, 448-49 (Bankr. W.D. Tex. 2013) (citing *G4 Trust v. Consolidated Gasoline*, No. 02-10-404-CV, 2011 WL 3835656 (Tex. App.—Fort Worth Aug. 31, 2011)). The Daves failed to strictly comply with Section 51.002's requirements. The Daves are therefore subject to liability for executing and filing the Trustee's Deed after conducting a defective sale.

Daves' Verified Denial does not overcome these allegations. While they claim "any error was committed in good faith and on reliance from information provided by the mortgagor, mortgagee or their respective attorney, agent, or representative, or another third party," they set forth no facts or evidence substantiating such defense. Furthermore, the Daves' defense lacks merit on its face. The Daves, not the mortgagor, mortgagee, or another third party, prepared and

posted the notice reflecting March 12, 2024 sale on March 12, 2024. The Daves, not the mortgagor, mortgagee, or another third party, proceeded with the sale on April 2, 2024, without having posted notice of a sale for that date. The Daves, not the mortgagor, mortgagee, or another third party, executed and filed the Trustee's Deed after the Daves *themselves* conducted the defective sale.

## CONCLUSION

Therefore, based on the foregoing, Plaintiff RIC (Lavernia) LLC respectfully request that the Court set this matter for a hearing and that, following such hearing, the Verified Denials filed by Defendants Lori and John Daves be denied.

Dated: October 11, 2024,   Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

 */s/ Kyle S. Hirsch*
Kyle S. Hirsch
Texas Bar No. 24117262
Justin D. Hanna
Texas Bar No. 24095726
2200 Ross Ave., Suite 4200W
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)
kyle.hirsch@bclplaw.com
justin.hanna@bclplaw.com

**ATTORNEYS FOR PLAINTIFF RIC (LAVERNIA) LLC**

## **VERIFICATION**

1. My name is Wesley Roitman and I am authorized to make this declaration on behalf of Plaintiff RIC (LAVERNIA), LLC ("Plaintiff"). I have personal knowledge of the facts set forth herein.

2. I have read the *Verified Response to Lori and John Daves's Verified Denial* (the "*Verified Response*") that was prepared by Plaintiff with the assistance of counsel. The factual allegations set forth in the *Verified Response* are true, correct, and are based upon knowledge and information personally known by me or within the knowledge of Plaintiff, and based upon documents that are filed in the public record.

3. My name is Wesley Roitman, my date of birth is March 21, 1965, and my address is 141 Heath Street East, Toronto, Ontario, Canada. I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 10th day of October, 2024, in Toronto, Ontario, Canada.

 __/s/ Wesley Roitman_____
 Wesley Roitman

**PLAINTIFF'S VERIFIED RESPONSE**  **PAGE 7**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2024, a copy of the foregoing document was served via email on the following counsel of record for Defendants Lori Daves and John Daves:

George H. Spencer, Jr. and Natalie F. Wilson
Langley & Banack, Inc.
Trinity Plaza II
745 E. Mulberry, Suite 700
San Antonio, TX 78212
Emails: gspencer@langleybanack.com; nwilson@langleybanack.com

                                        */s/ Kyle S. Hirsch*
                                        Kyle S. Hirsch