IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RIC (LAVERNIA) LLC, | § | Case No. 24-51195-mmp |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |
| RIC (LAVERNIA) LLC, | § | |
| | § | |
| Plaintiff | § | Adversary No. 24-05043-mmp |
| | § | |
| v. | § | |
| | § | |
| MILESTONE CAPITAL CRE 1, LLC; LORI DAVES AND JOHN DAVES, AS SUBSTITUTE TRUSTEE; ANDRES CEDILLOS, | § | |
| | § | |
| Defendants | § | |

**PLAINTIFF RIC (LAVERNIA) LLC'S
MOTION TO COMPEL DISCOVERY RESPONSES**

Pursuant to Federal Rule of Civil Procedure 37, made applicable to this proceeding through Federal Rules of Bankruptcy Procedure 7037 and 9014, Plaintiff RIC (Lavernia) LLC ("*Plaintiff*") files this Motion to Compel Discovery Responses against Defendant Milestone Capital CRE 1, LLC ("*Milestone*"). In support, Plaintiff would show the Court as follows:

### INTRODUCTION

1. Milestone has failed and refuses to respond to Plaintiff's First Set of Interrogatories ("*Interrogatories*") or produce documents responsive to Plaintiff's Requests for Production ("*RFP*"), which were initially served over five months ago. In December 2024, Plaintiff provided Milestone an extension until January 23, 2025, to accommodate its new counsel. Despite this

MOTION TO COMPEL DISCOVERY RESPONSES                                                                                              PAGE 1

accommodation, and subsequent discussion between counsel, Milestone has failed to respond to the Interrogatory responses or produce any responsive documents.

2. As a result, Plaintiff is left with no choice but to file this motion for a Court order compelling Milestone to comply with its discovery obligations. Accordingly, Plaintiff requests the Court order Milestone to fully and completely produce documents responsive to Plaintiff's RFP and provide full and complete responses to the Interrogatories. Further, Plaintiff requests the Court (i) deem waived all objections to the Interrogatories, as no objections have been timely asserted; and (ii) award Plaintiff its reasonable and necessary fees and expenses incurred for making this motion. Plaintiff further reserves all rights to seek further Court assistance to the extent Milestone's production or responses remain inadequate.

### RELEVANT FACTS

3. On September 6, 2024, Plaintiff served the Interrogatories and RFP (collectively, "***Written Discovery Requests***") on Milestone. *See* Ex. A. The Written Discovery Requests are attached hereto as Exhibits B and C, respectively. Pursuant to Federal Rules of Civil Procedure 33 and 34, Milestone was required to respond or otherwise object by October 7, 2024.

4. Milestone served no objections or responses when due.

5. On December 23, 2024, Milestone retained new counsel, Kell Mercer. Mr. Mercer requested a 30-day extension to respond to the outstanding Written Discovery Requests. *See* Ex. D. Plaintiff agreed.

6. On January 26, 2025, Milestone served its objections and responses to the RFP ("***RFP Responses***"), but produced no documents. *See* Ex. E. Milestone did not serve, and still has not served, responses to the Interrogatories.

7. Milestone's RFP Responses to RFP Nos. 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 22, 23, 24, 30, 31, 32, 33, 34, 35, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, and 53 (the "*Undisputed Requests*") averred:

> **All non-privileged responsive documents, if any, will be produced via secure password protected file transfer protocol.**

*See, e.g.*, Ex, E, p. 3 (emphasis added).

8. Milestone has not produced any documents to date.

9. Milestone objected to RFP Nos. 1, 13, 19, 20, 21, 25, 26, 28, 29, 36, 37, 38, 39, 40, and 48 (the "*Disputed Requests*").

10. On January 30, 2025, Plaintiff, through counsel, emailed Milestone's counsel to, among other things, arrange a time to confer regarding (i) the Disputed Requests and (ii) status of production of documents responsive to the Undisputed Requests. *See* Ex. F.

11. On February 4, 2025, counsel for the parties conferred by telephone. Counsel verbally resolved Milestone's objections to the Disputed Requests. Mr. Mercer informed Plaintiff's counsel that he had received approximately 500 documents from his client that were under his review. Mr. Mercer also informed Plaintiff's counsel that he had not received information from Milestone in order to respond to the Interrogatories. Mr. Mercer agreed to produce responsive documents by Friday, February 7, 2025, and to seek information in order to respond to the Interrogatories.

12. Following the parties' conference, Plaintiff's counsel sent Mr. Mercer an email confirming the February 7th deadline. *See* Ex. G. This email also notified Mr. Mercer that the instant motion would be filed should Milestone fail to comply.

13. On February 10, 2025, Mr. Mercer confirmed he had "not been provided documents or interrogatory responses sufficient to respond/ make production." Ex. H. Mr. Mercer stated that he "underst[ood] the next steps and consequences." *Id.*

## ARGUMENTS AND AUTHORITIES

I. **MOTION TO COMPEL DISCOVERY**

14. If a party fails to answer an interrogatory or respond to a document request, Federal Rule of Civil Procedure 37 permits the propounding party to move the court for an order compelling compliance. *See* FED. R. CIV. P. 37(a)(1). Specifically, "[a] party seeking discovery may move for an order compelling an answer . . . [and/or] production . . . if a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." FED. R. CIV. P. 37(a)(3).

    A.    **Milestone Should Be Compelled To Respond To The Interrogatories And Produce All Documents Responsive To The RFP.**

15. Federal Rule of Civil Procedure 33 (applicable here pursuant to Federal Rule of Bankruptcy Procedure 7033) requires a party that has been served interrogatories to "serve its answers and any objections within 30 days after being served." FED. R. CIV. P. 33(b)(2). Similarly, Federal Rule of Civil Procedure 34 (applicable here pursuant to Federal Rule of Bankruptcy Procedure 7034) requires that the party to whom a request for production is directed "must respond in writing within 30 days after being served." FED. R. CIV. P. 34(b)(2).

16. Here, Plaintiff served the Written Discovery Requests on Milestone on September 6, 2024. Plaintiff's Written Discovery Requests remained unanswered on December 23, 2024, the date on which Plaintiff agreed to provide Milestone with an additional thirty days as a courtesy to Milestone's newly retained counsel, Mr. Mercer. Plaintiff's counsel agreed to extend Defendant yet another extension during the February 4, 2025, conference.

17. To date, Milestone has failed and refused to serve any responses or objections to the Interrogatories, or to produce any responsive documents, despite the extended agreed-upon deadline of February 7, 2025 – more than five (5) months after service of the Written Discovery Requests.

18. Accordingly, pursuant to Rule 37, Plaintiff requests the Court: 1) compel Milestone to fully answer and serve its responses to Plaintiff's Interrogatories; 2) produce all documents responsive to the RFP within seven (7) days of the Court's order; and 3) deem waived any objections to the Interrogatories, *see In re U.S.*, 864 F.2d 1153 (5th Cir. 1989) (holding that "as a general rule, when a party fails to object timely to interrogatories . . . objections thereto are waived.").

**B.  To The Extent Milestone Maintains Any Objections To The Disputed Requests, Milestone Should Be Compelled To Indicate Whether, And To What Extent, Responsive Materials Are Being Withheld.**

19. Under Rule 34, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C); *see also Alvarez v. Brokers Logistics, Ltd.*, No. EP-23-CV-00148-DCG, 2024 WL 2186896, at *3 (W.D. Tex. May 15, 2024) (outlining the legal standards governing a motion to compel).

20. Milestone asserted objections to the Disputed Requests. Plaintiff believes those objections were resolved through the conference that occurred on February 4. The objections focused generally on an interpretation of the Disputed Requests that compels production of documents beyond the scope of this litigation. Plaintiff's counsel had agreed that the breadth of the Disputed Requests may be interpreted more narrowly such that they contemplate only those documents that are reasonably calculated to lead to the discovery of admissible information relevant to the allegations raised in the Adversary Proceeding (e.g., information regarding the

alleged loan from Milestone to OTISCO RDX, LLC; any relationship between Milestone and OTISCO RDX, LLC, and related individuals or entities; etc.). However, to the extent Milestone asserts its objections have not been resolved, Milestone's RFP Responses fail to indicate whether and to what extent materials are being withheld, in violation of Rule 34.

21.     Accordingly, Milestone should be compelled to amend its RFP Responses to state whether, and to what extent, responsive materials are being withheld on the basis of an timely-asserted, and unresolved, objections.

## II.     REQUEST FOR ATTORNEYS' FEES AND EXPENSES

22.     Plaintiff requests that Milestone be ordered to pay reasonable attorneys' fees and expenses incurred as a result of Milestone's failure to comply with its discovery obligations. Rule 7037(a)(5)(A) provides that the Court must require the party whose conduct necessitated any motion to compel to pay the movant's reasonable attorney's fees and expenses incurred in making such motion unless such conduct was substantially justified. FED. R. BANKR. P. 7037(a)(5)(A); *see also* FED. R. CIV. P. 37(a)(5)(A).

23.     Milestone's conduct is not substantially justified. Milestone's responses to the Written Discovery Requests were initially due on October 7, 2024.  After substituting counsel, on December 23, 2024, Plaintiff afforded Milestone's new counsel 30 additional days, which expired in January.  After Mr. Mercer served objections to the RFPs but <u>no interrogatory responses and no responsive documents</u>, counsel conferred and Plaintiff granted Milestone more time – to February 7 – to adequately respond. Milestone has failed and refused to produce any responsive documents or any responses to the Interrogatories.

24.     When Plaintiff demanded responses to the Interrogatories and document production by February 7, 2025, Plaintiff placed Milestone on notice that Plaintiff would seek fees if a motion

to compel is required to obtain adequate responses. Nevertheless, Milestone has continued to obstruct Plaintiff's discovery efforts—despite Milestone "understand[ing]" the "consequences" for its failure and refusal to respond to the discovery. *See* Ex. H.

25. Milestone's behavior only serves to delay and hinder Plaintiff's discovery efforts, and postpone Plaintiff's ability to pursue its claims in this adversary proceeding. Further, such conduct has forced Plaintiff's bankruptcy estate to incur fees and expenses, which would not otherwise be incurred had Milestone simply responded to discovery as per its obligation under the Federal Rules.

26. Accordingly, upon granting this Motion to Compel, Plaintiff requests the Court find Plaintiff entitled to recover its reasonable attorneys' fees and expenses in connection with Plaintiff's efforts to enforce Milestone to comply with its discovery obligations, including the preparation and filing of this motion, upon subsequent application to the Court.

## CONCLUSION

WHEREFORE, based on the foregoing, Plaintiff requests that the Court grant this Motion to Compel and (i) order Milestone to fully respond to Plaintiff's Interrogatories and produce all RFP-responsive documents within seven (7) days of such order; (ii) order Milestone to amend its RFP responses to indicate whether and to what extent responsive documents are being withheld on the basis of an objection; (iii) deem waived any and all objections to the Interrogatories; and (iv) order Milestone to pay Plaintiff's fees and expenses incurred in connection with its efforts to obtain Milestone's compliance with discovery obligations, upon Plaintiff's application to be submitted subsequent to the Court's Order. Additionally, Plaintiff requests the Court award such further relief as to which it may be entitled.

### # # #

Dated: February 19, 2025          Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

<u>/s/ *Justin D. Hanna*</u>
Kyle S. Hirsch
Texas Bar No. 24117262
Justin D. Hanna
Texas Bar No. 24095726
2200 Ross Ave., Suite 4200W
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)
kyle.hirsch@bclplaw.com
justin.hanna@bclplaw.com

**ATTORNEYS FOR PLAINTIFF RIC (LAVERNIA) LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2025, the foregoing was served via the Court's CM/ECF system on all parties authorized to receive electronic notice in this case, including the following counsel:

George H. Spencer, Jr. and Natalie F. Wilson
Langley & Banack, Inc.
gspencer@langleybanack.com
nwilson@langleybanack.com
***Attorneys for John and Lori Daves***

Kell C. Mercer
KELL C. MERCER, P.C.
kell.mercer@mercer-law-pc.com
***Attorney for Defendant Milestone Capital CRE 1, LLC and Andres Cedillos***

Peter J. Stanton
The Law Offices of Peter J. Stanton
stanton@pstantonlaw.com
***Attorney for Defendant Milestone Capital CRE 1, LLC***

                                               */s/ Justin D. Hanna*
                                               Justin D. Hanna