## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | **Case No. 24-51195-mmp** |
| | § | |
| **Debtor** | § | **Chapter 11** |
| | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | |
| | § | |
| **Plaintiff** | § | **Adversary No. 24-05043-mmp** |
| | § | |
| **v.** | § | |
| | § | |
| **MILESTONE CAPITAL CRE 1, LLC;** | § | |
| **LORI DAVES AND JOHN DAVES, AS** | § | |
| **SUBSTITUTE TRUSTEE; ANDRES** | § | |
| **CEDILLOS,** | § | |
| | § | |
| **Defendants** | § | |

## PLAINTIFF RIC (LAVERNIA) LLC'S MOTION FOR SANCTIONS

Pursuant to Federal Rule of Civil Procedure 37, made applicable to this proceeding through Federal Rules of Bankruptcy Procedure 7037 and 9014, Plaintiff RIC (Lavernia) LLC ("**Plaintiff**") files this Motion for Sanctions against Defendant Milestone Capital CRE 1, LLC ("**Milestone**"). In support, Plaintiff would show the Court as follows:

## INTRODUCTION

Plaintiff acquired the Property in February 2024, subject to Milestone's dubious lien. Milestone refused to respond to Plaintiff's initial requests for payoff information; and after Plaintiff filed suit, Milestone failed to respond to discovery requests and to produce its own disclosed witnesses for properly-noticed depositions. The Court entered a discovery order that Milestone agreed to and elected to defy. In Milestone's untimely interrogatory responses (finally

served on April 13, 2025), Milestone revealed the connection Plaintiff believed to be true:  Ali Choudhri, a "forger and a liar,"[1] is a member and a manager of Milestone.

Milestone's discovery violations are flagrant, continuous, willful, and indicative of Milestone's disregard for legal process and the Court's authority.  Despite Plaintiff's diligence and patience seeking discovery for more than seven (7) months, Milestone has impeded the progress of this case and Plaintiff's ability to conduct proper discovery to investigate the facts underlying Milestone's asserted lien. Another court has recently issued a warrant for Choudhri's arrest when he repeatedly failed to produce information in connection with a bankruptcy case,[2] but Plaintiff is not seeking that here.  Rather, Milestone's conduct warrants the litigation-ending "death penalty" sanction of entry of default judgment or, alternatively, striking Milestone's pleadings, prohibiting Milestone from relying on untimely produced documents, and entering findings of fact favorable to Plaintiff.  Either way, Milestone should also be ordered to pay Plaintiff's attorney's fees and expenses incurred.

## RELEVANT FACTS

### I.  ALI CHOUDHRI FALSELY ENCUMBERS THE PROPERTY

Plaintiff's affiliate, TIG Romspen US Master Mortgage LP ("**Romspen**"), made a loan to borrower Galleria Loop Note Holder, LLC ("**GLNH**") in 2019 secured by a senior lien interest encumbering GLNH's sole asset, an office building located at 1001 West Loop South, Houston,

---

[1]    Order Disallowing Proof of Claim and Referral to United States Attorney issued September 9, 2024, United States Bankruptcy Court, Southern District of Texas, Houston Division, *In re Galleria 2425 Owner, LLC*, Case No. 23-34815, Docket No. 717 ("This Court now has a long history with Ali Choudhri.  This Court has held that his truth and veracity are questionable in prior proceedings in this case.  The Court after hearing finds again that his truth and veracity are questionable, unfortunately entirely questionable . . . .  The Court believes that Choudhri is a forger and a liar . . . ."). Attached as **Exhibit 6**.  Plaintiff asks that the Court take judicial notice pursuant to Federal Rule of Evidence 201.

[2]    Arrest Warrant issued April 16, 2025, United States Bankruptcy Court, Southern District of Texas, Houston Division, *In re Jetall Companies*, 24-35761, Docket No. 136.  Attached as **Exhibit 7**.  Plaintiff asks that the Court take judicial notice pursuant to Federal Rule of Evidence 201.

Texas ("**1001 West Loop**").   Ali Choudhri ("**Choudhri**") is the sole member and manager of GLNH.  *See* Ex. 1Q, Dep. of Ali Choudhri (Jul. 26, 2024)[3], 9:13-15.

After GLNH breached numerous agreements relating to the loan, in 2023 Romspen initiated a non-judicial foreclosure of 1001 West Loop.  At Choudhri's urging, Romspen engaged in negotiations for a final lifeline allowing GLNH to pay and perform.  In order to induce Romspen to reach an agreement, Choudhri offered for an affiliate – OTISCO RDX, LLC ("**OTISCO**"), owned by Choudhri's mother Shahnaz Choudhri – to grant Romspen a lien encumbering undeveloped real property located in Wilson County (the "**Property**").  *See* Ex. 3, Amended & Restated 1st Am. to Reinstatement of & Am. to Loan Agreement, at § 4.

Choudhri provided Romspen with very little information relating to the Property; however, he did represent to Romspen that the Property is encumbered by a senior lien in favor of Milestone. Romspen requested a loan statement from Milestone, who ignored Romspen's requests.  Choudhri conveyed information that he represented came "from Milestone," but at no point did Choudhri or Milestone produce a loan statement.  *See* Ex. 2, p. 2.  Romspen directly and specifically asked Choudhri whether Milestone was "a proper lender or [were] they connected with [Choudhri's] group somehow?"  *Id.*  Choudhri sidestepped the question, responding that Milestone was "proper" as there was a lien and a note – but did not disclose his connections.  *Id.*

Plaintiff has learned only within the last few days that Milestone is, in fact, owned by Choudhri and one of Choudhri's attorneys, and Choudhri is Milestone's manager – and, thus, Choudhri had full and complete control over the information Milestone could have made available to Romspen.  *See* Ex. 1O, Milestone's Resp's to Pltf's Set of Interrogatories ("**Interrogatory Responses**"), at p. 3 (Interrogatory Nos. 6, 7).  Romspen, acting in good faith (but without the

---

[3]     The deposition of Ali Choudhri was taken in conjunction with Case No. 24-10119-smr, styled *In re: 1001 WL LLC,* United States Bankruptcy Court, Western District of Texas, Austin Division.

information requested), accepted Choudhri's delivery of the signed deed of trust from OTISCO which was recorded on August 22, 2023, in the Official Public Records of Wilson County, Texas (Document No. 2023-135641) (the "**Romspen DOT**") to secure a small portion of the outstanding GLNH debt.  *See* Ex. 4, Romspen DOT.

A Deed of Trust and Security Agreement dated January 2, 2023, and filed on May 23, 2023, given by OTISCO and in favor of Milestone exists in the Official Records of Wilson County, Texas, at Document Number 2023-132703 (the "**Milestone DOT**"). [Adversary Dkt. 4, Pltf's 2d Am. Pet. ("**SAP**"), Ex. B]. The Milestone DOT purportedly secures repayment of a promissory note by OTISCO, as maker, in favor of Milestone, as payee, in the amount of $5,900,000. [*See* SAP, Ex. B, p. 1].  Given Choudhri's involvement, Romspen and Plaintiff suspected dishonesty behind the Milestone DOT.

GLNH again failed to pay and perform as agreed with Romspen.  After giving due and proper notice, Romspen caused the beneficiary under the Romspen DOT to conduct a non-judicial trustee's sale of the Property.  On February 6, 2024, the Property was sold to Plaintiff, and a trustee's deed was recorded on March 26, 2024.  [SAP, Ex. A].

Despite having taken no prior action against OTISCO under a loan that Plaintiff believes was never funded, Milestone suddenly awoke immediately after Plaintiff's acquisition of the Property and began taking steps to foreclose the Milestone DOT. Indeed, just one week after Plaintiff successfully bid on the Property (on February 6, 2024), Milestone appointed Lori Daves and John Daves as substitute trustees [SAP, Ex. D], who conducted a defective sale. [4]

Plaintiff attempted to obtain information from Milestone.  [*See* SAP, ¶ 20].  After Plaintiff issued three written requests for a payoff [*see id.*], Milestone delivered to Plaintiff a document

---

[4]    The Court has entered a stipulated judgment against Lori Daves and John Daves that includes, among other things, language formally rescinding the purported sale.  [Adversary Dkt. 62, p. 3].

reflecting an outstanding balance (i) well in excess of $6 million and (ii) not consistent with Choudhri's earlier representation that he claimed came "from Milestone." Ex. 5. The "payoff statement" contained no payment history, ledger, or documentary support.

Plaintiff's suspicions grew that Milestone never made any loan to OTISCO. Instead, Plaintiff suspected that Choudhri (a "forger and a liar"[5]) created fraudulent documents to give the false illusion of a valid debt to protect his mother (the sole member of OTISCO) from losing the Property (albeit, due to his own inability to perform as agreed with Romspen). In order to protect its interests and to remove what Plaintiff believes is Milestone's invalid lien, Plaintiff initiated this lawsuit in Wilson County state court; and after filing for bankruptcy protection, Plaintiff removed this action on June 28, 2024. [*See* Adversary Dkt. 1].

## II. MILESTONE DEFIES DISCOVERY OBLIGATIONS

On September 8, 2024, Plaintiff served its First Set of Interrogatories ("**Interrogatories**") and First Requests for Production ("**RFP**") (collectively, "**Written Discovery Requests**") on Milestone. *See* Exs. 1A-1C. Pursuant to Federal Rules of Civil Procedure 33 and 34, Milestone was required to respond or otherwise object by October 7, 2024. Milestone served no objections or responses to the Written Discovery Requests when due. *See* Hanna Dec., ¶ 4.

On December 23, 2024, Milestone retained new counsel, Kell Mercer. Based on Mr. Mercer's entrance as counsel, as a professional courtesy, Plaintiff granted an additional 30 days to respond to the outstanding Written Discovery Requests. *Id.*, at ¶ 5; Ex. 1D. Milestone served no objections or responses to the Written Discovery Requests when due upon expiration of the voluntarily-extended deadline. *See* Hanna Dec., ¶ 6.

Mr. Mercer served initial disclosures reflecting Moe Nasr and Alfred Kelley Williams as

---

[5]  *See supra*, n. 1.

the only Milestone representatives with knowledge of the Milestone DOT.  Ex. 1G.  Plaintiff recognized Mr. Nasr as a friend of the Choudhri family who testified in support of Choudhri in a related bankruptcy proceeding.  Accordingly, Plaintiff continued to believe that Mr. Choudhri was involved despite not being named at all in Milestone's initial disclosures.

**A. Plaintiff files Motion to Compel after Milestone fails to provide its counsel documents and information to serve responses to Interrogatories or document production.**

On February 19, 2025, Plaintiff filed a Motion to Compel against Milestone for its failure to serve responses to the Interrogatories or document production.  [Adversary Dkt. 58].  The relevant facts are detailed in the Motion to Compel, which Plaintiff incorporates by reference herein.  In summary, Plaintiff served late responses and objections to the RFP, but produced no documents and failed to respond to the Interrogatories; *at Mr. Mercer's request*, Plaintiff sent correspondence to Milestone demanding service of the outstanding discovery responses and documents by February 7, 2025; and on February 10, 2025, Mr. Mercer confirmed he had "not been provided documents or interrogatory responses sufficient to respond/ make production." Mr. Mercer stated that he "underst[ood] the next steps and consequences."  [*Id*, ¶¶ 3-13, Exs. A-H].  *See also* Hanna Dec. ¶¶ 9-11; Exs. 1E, 1F.

**B. Milestone abruptly cancels the depositions of party-controlled witnesses *the morning of the depositions*.**

Despite Milestone's complete failure to produce documents, Plaintiff sought the depositions of Mr. Williams and Mr. Nasr, the only two Milestone individuals disclosed by Milestone as having relevant information.  At Milestone's request, the depositions were rescheduled to March 24 (Williams) and March 25 (Nasr).  Exs. 1H, 1I, 1J.

***On the morning of Williams' deposition***, Mr. Mercer advised that he had "issues with both witnesses, including 'professional considerations,'" that he wished to report.  Ex. 1K, p. 2.  In a

follow-up email, Mr. Mercer wrote:

> After we speak at 10 am, I'll confirm in writing, but it is correct that Milestone is unable to present either [Mr. Williams or Mr. Nasr] today and tomorrow. I understand that sanctions will be appropriate, under the circumstances. Milestone agrees to sanctions for fees and expenses, including attorney's and court reporters. But I do want to discuss this and the case in general at 10 am.

*Id.*, p. 1.

During the March 24 call, Mr. Mercer indicated, among other things, that he had still not received sufficient documents or information from his client and could not prepare or produce either Williams or Nasr for their rescheduled depositions. Hanna Dec., ¶ 16. But Mr. Mercer did confirm that Choudhri would be disclosed as a person with knowledge. *Id.*

## III.    MILESTONE VIOLATES THE COURT'S *AGREED* DISCOVERY ORDER

Following the March 24 call, counsel conferred and agreed to a Stipulated Order Regarding Plaintiff's Motion to Compel Discovery Responses, Ex. 1L; which the Court entered on March 25, 2025 [Adversary Dkt. 73] (the "**Agreed Discovery Order**").

In the Agreed Discovery Order, the parties stipulated that Milestone has failed to provide any documents or information to its counsel of record and, thus, has failed to produce to Plaintiff any documents responsive to the RFPs or provide Plaintiff with any responses to the Interrogatories. Agreed Discovery Order, p. 2.

The Agreed Discovery Order ordered Milestone to fully respond to Interrogatories, produce all responsive documents, and serve supplemental/amended RFP Responses within 14 calendar days (April 8, 2025). *Id.*, pp. 3-4. The parties further stipulated that sanctions would issue, including adverse inferences and striking of untimely produced documents, should Milestone fail to comply. *See id.* Indeed, the Agreed Discovery Order provides:

5. **To the extent Milestone fails to fully and timely comply with this Order, Plaintiff is hereby authorized to seek further sanctions and other relief from this Court.**

Agreed Discovery Order, pp. 3-4 (emphasis added).  **Once again, and despite the Agreed Discovery Order's express terms, Milestone failed to timely serve responses to the Interrogatories or documents responsive to the RFP, and completely failed to supplement its RFP responses.**

Before filing this motion, undersigned counsel inquired with Mr. Mercer whether Milestone intended to provide its responses or responsive documents notwithstanding the expired, Court-ordered deadline.  Ex. 1M.  Mr. Mercer reported that he had some, but not all, documents and information in his possession, and intended to serve responses and documents by Friday, April 11 (four days after the deadline had expired).  *Id.*, p. 1.  **Mr. Mercer admitted, however, that he still had not received <u>all</u> documents responsive to the requests that had been pending for over seven (7) months**.  *Id.*

Nevertheless, this was yet another broken promise.  No documents or responses were served by Friday, April 11.  Hanna Dec., ¶ 19.  Rather, late Sunday evening, April 13, Milestone served responses to the Interrogatories (the "**Interrogatory Responses**"), twenty-three (23) documents, and its first amended disclosures.  *See* Ex. 1N (contents of shareholder with document production); Ex. 1O (Interrogatory Responses); Ex. 1P (Amended Disclosures).  Nearly **<u>all</u>** of the documents produced by Milestone are immaterial and unrelated to this proceeding.[6]  None of the documents produced evidence any funding of a loan by Milestone to OTISCO.  To date, Milestone

---

[6]      For example, all of the emails produced by Milestone are emails Choudhri received from or sent to Romspen representatives – most of which pertain to different properties.

has not served amended/supplemental RFP Responses as ordered.[7]

On April 13, 2025, Milestone served first amended disclosures, which disclosed Choudhri as a person with "information regarding the property that is the subject of this litigation and the claims and defenses of the parties." Ex. 1P. In the Interrogatory Responses (also served on April 13, 2025), Milestone disclosed that Choudhri is one of only two members[8] of Milestone and Choudhri has been a manager of Milestone from January 1, 2023 to the present. *See* Ex. 1O, p. 3 (Interrogatory No. 6). Indeed, Choudhri verified the Interrogatory Responses as Milestone's manager. *Id.*, p. 5.

## IV.   MILESTONE'S BEHAVIOR IS CLOAKED IN FRAUD

Plaintiff initiated this lawsuit believing that the Milestone DOT is invalid and should be cleared from title to the Property. Despite Milestone's failure to comply with discovery, the limited information disclosed to date supports Plaintiff's belief.

Prior to entering into the Romspen DOT, Choudhri offered information from "Milestone." Romspen's representative remarked at the time that it is very unusual for a legitimate lender not to issue any sort of statement reflecting the outstanding loan balance and inquired whether Milestone was somehow connected to Choudhri. Ex. 2, p. 2. Plaintiff now understands that Choudhri failed to disclose that he controlled and/or influenced both the purported lender (Milestone) and borrower (OTISCO).

Only very recently, in the Interrogatory Responses served on April 13, 2025, did Milestone admit that Choudhri is one of two Milestone members and a manager of Milestone. Ex. 1O, p. 3.

---

[7]     On April 16, 2025, the parties conferred regarding several matters including the status of discovery. Milestone's counsel committed to serving RFP Responses by 12:00 p.m. CT on April 17, 2025. Hanna Dec., ¶ 25. However, no responses have been served. *Id.*

[8]     The other disclosed member of Milestone is Gia Samavati, who is an attorney representing Choudhri and his entities in other legal proceedings involving Romspen. *See* Hanna Dec., ¶ 22.

Choudhri is also the son of OTISCO member Shahnaz Choudhri. *See* Ex. 1R, Dep. of Moe Nasr, 21:18-24. Public records reveal that Milestone, OTISCO, and GLNH all purportedly share the same office address in Suite 700 of 1001 West Loop. *See* SAP, Ex. B, p. 1 (OTISCO address); SAP, Ex. C (Milestone address); Ex. 1S (GLNH address); *see also* Ex. 1Q, Choudhri Dep., 17:23-25 (confirming GLNH has office at 1001 West Loop).

Milestone also disclosed Moe Nasr as a manager since December 2024 and a person with knowledge. Ex. 1G. Nasr was involved in the bankruptcy case filed by Choudhri to protect his interests in 1001 West Loop. In that matter, Nasr was identified as the proposed manager of the reorganized debtor. *See* Ex. 1R, Nasr Dep., 16:6-7, 18:25-19:5. Nasr testified that Choudhri—Nasr's friend for 25 years—appointed him as manager of the entity proposed to provide post-confirmation funding to the reorganized debtor, Founder Loop24, LLC ("**Founder Loop**"). *Id.*, 17:11-19, 39:1-14. Nasr explained that the sole member and investor of Founder Loop is Choudhri's mother, Shahnaz Choudhri – who is also **the member of Milestone's purported "borrower" OTISCO.** *Id.*, 21:18-24, 22:7-19.

Milestone's refusal to comply with the Agreed Discovery Order and refusal to produce witnesses for depositions further reflects attempts to conceal the fraud perpetrated by Choudhri. Choudhri has a history of concealment and fraud. In connection with a bankruptcy case before Judge Norman, Choudhri presented falsified documents leading Judge Norman to refer to Choudhri in September 2024 as a "forger and a liar." Ex. 6. In another bankruptcy case before Judge Norman, Choudhri refused to comply with numerous opportunities to complete the debtor's statements and schedules, leaving the Court "with one remedy which is to compel the debtor's compliance with its orders" through issuance of an arrest warrant on April 16, 2025. *See* Ex. 7.

## ARGUMENTS AND AUTHORITIES

As a matter of undisputed fact, Milestone has failed to timely and fully comply with the Agreed Discovery Order. Milestone has also refused to produce witnesses (Williams and Nasr) for depositions.[9] Such conduct is sanctionable under Rule 37. *See* FED. R. CIV. P. 37(b), (d); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2024 WL 4279524, at *3 (W.D. Tex. Sept. 24, 2024) (recognizing Rule 37 provides "authority for courts to sanction litigants for failing to obey discovery orders, appear for their own deposition, and preserve electronically stored information").

The issue, here, is not whether the Court should sanction Milestone (it should), but what sanctions are appropriate. Indeed, Milestone's counsel has acknowledged and agreed that Milestone's conduct is sanctionable.[10] The Court has broad discretion in imposing sanctions under Rule 37. *See The Law Funder, LLC v. Munoz*, 924 F.3d 753, 760 (5th Cir. 2019). Plaintiff requests the Court exercise its discretion to impose severe sanctions against Milestone.

## I. MILESTONE'S CONDUCT WARRANTS DEATH PENALTY SANCTIONS THROUGH ENTRY OF DEFAULT JUDGMENT

As authorized by Rule 37, Plaintiff respectfully requests the Court enter default judgment against Milestone. FED. R. CIV. P. 37(b)(2)(A)(vi). The Fifth Circuit requires four findings (the "***Conner* Factors**") to impose such a litigation-ending, "death penalty" sanction: "(1) the discovery violation was committed willfully and in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation 'substantially prejudiced the opposing party'; and (4) a lesser

---

[9] *See* Ex. 1K, p. 1. (email from Mr. Mercer confirming Milestone's refusal to produce Williams and Nasr for depositions and acknowledging sanctions are appropriate).

[10] On Page 4 of the Agreed Discovery Order, the parties stipulated (and the Court ordered) that "[t]o the extent Milestone fails to fully and timely comply with this Order, Plaintiff is hereby authorized to seek further sanctions and other relief from this Court." Also, in confirming Milestone's refusal to produce Williams or Nasr for depositions, Mr. Mercer acknowledged: "I understand that sanctions will be appropriate, under the circumstances." Ex. 1K, p. 1.

sanction would not 'substantially achieve the desired deterrent effect.'" *Id.* (quoting *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994)). The record here satisfies all four *Conner* Factors.

**A.    Milestone's discovery violations were committed willfully and in bad faith by Milestone itself (not its counsel).**

The first two *Conner* Factors can easily be found as <u>*by Milestone's own admission*</u>, its discovery violations were committed willfully and in bad faith. At every turn, Milestone has attempted to thwart Plaintiff's efforts to obtain discovery in this lawsuit. In fact, Milestone has ignored <u>*every*</u> deadline and discovery obligation in this litigation.[11]

For over seven months, Plaintiff has been seeking discovery regarding the purported OTISCO loan and Milestone DOT. Among other things, Milestone has refused to produce documents and communications: (1) supporting its defenses (RFP 1, 52, 53); (2) reflecting and/or relating to the alleged indebtedness Milestone claims OTISCO owes Milestone (RFP 7); evidencing Milestone's funding of the loan to OTISCO (RFP 8); evidencing payments made by OTISCO toward the loan (RFP 9); referring to and/or relating to OTISCO's alleged defaults of the loan (RFP 10); Milestone's enforcement of the Milestone DOT prior to Plaintiff's acquisition of the Property (RFP 11); Milestone's agreements with OTISCO, Ms. Choudhri, and Mr. Choudhri (RFP 27, 28, 29); Milestone's communications with OTISCO, Ms. Choudhri, and Mr. Choudhri related to the Property (RFP 24, 25, 26); and, Milestone's various actions to attempt foreclosure of the Property after Plaintiff's acquisition of title (RFP 33, 34, 35, 43, 43, 44, 45, 46, 47).

Additionally, Milestone refused for more than seven (7) months to answer basic

---

[11]    Milestone failed to timely respond to the Second Amended Petition, serve disclosures, or serve discovery responses. These failures went uncured for months—resulting in entry of default, and two continuances. This alone is evidence that Milestone's discovery abuse is committed willfully and in bad faith. The Fifth Circuit has held that "a failure to abide by discovery orders, combined with other evidence of a party delaying and incurring needless expenses . . . is sufficient for a finding of bad faith." *Timms v. LZM, LLC*, 657 Fed. App'x 228, 231 (5th Cir. 2016) (citing *Worrell v. Houston Can! Academy*, 424 Fed. App'x 330, 336 (5th Cir. 2011)). Milestone did finally serve initial disclosures on January 17, 2025, which were timely under the Court's amended scheduling order.

Interrogatories requesting identification of, among other things: all Milestone personnel involved in Milestone's loan to OTISCO (Interrogatory 3); all OTISCO personnel with whom Milestone communicated regarding its loan (Interrogatory 4); all addresses in which Milestone is a tenant, occupant, and/or otherwise conducts business (Interrogatory 5); all members, managers, and officers of Milestone (Interrogatory 6, 7, 8); all parents, affiliates, and subsidiaries of Milestone that have a beneficial interest in the outcome of this lawsuit (Interrogatory 9); all actions taken by Milestone to enforce the Milestone DOT before Plaintiff's acquisition of title to the Property (Interrogatory 10); and the factual basis for Milestone's contention that Plaintiff is bound to the terms of the Milestone DOT (Interrogatory 11).

Further, Milestone abruptly and unjustifiably cancelled the depositions of two critical fact witnesses—Williams and Nasr—at the very last minute.[12] These individuals were disclosed by Milestone as involved in the purported "loan" between Milestone and OTISCO with knowledge of relevant facts. And it appears Milestone's counsel has been in contact with Nasr, at least, given Mr. Mercer's representation that Nasr was working to gather documents in February 2025. Yet, Milestone refused to present these witnesses for depositions—due to, among other reasons, Milestone's failure to provide documents and information to its counsel.

The requested documents, information, and witnesses sought in discovery are not onerous and all should be within Milestone's possession, custody, and control. Milestone disclosed Williams and Nasr as persons under Milestone's control and disclosed that many of these categories of documents are, in fact, within Milestone's possession, custody, and control. *See* Ex. 1P.

Despite this, Milestone has not only failed to serve responsive information and documents

---

[12] The stated reason for the cancellations underscores the need for death penalty sanctions: Milestone had not provided counsel information or documents sufficient to prepare.

to Plaintiff—*Milestone has failed to provide such materials to its own counsel*.  Although the discovery responses were due in October and extended to January, Milestone's counsel confirmed in February that he still had not received adequate information to respond to Interrogatories or all documents responsive to the RFP.  Further, *at Mr. Mercer's suggestion*, Plaintiff demanded prompt production of these materials by *an agreed-upon date*, subject to sanctions should Milestone fail to comply.  And, after Mr. Mercer confirmed his client *still* had not provided him responsive materials, Plaintiff filed its Motion to Compel.

Milestone's neglect of its discovery obligations resulted in Milestone's purported refusal to produce Williams and Nasr for depositions.

All of this culminated in the Agreed Discovery Order, which provided Milestone two weeks to produce outstanding discovery responses and documents.  *Milestone has defied this agreed order*.  Many of the documents produced late by Milestone reflect that they were gathered on March 12, 2025—indicating they are the same documents Milestone originally provided its counsel and which Mr. Mercer acknowledged were deficient.  In other words, it is apparent that Milestone has not provided any additional documents to its counsel since the Agreed Discovery Order was entered, as suggested by Mr. Mercer's April 9th email that he has not received all of the documents.  And, as Mr. Mercer confirmed orally to Plaintiff's counsel on April 16, 2025, *no further documents are forthcoming from Milestone*.  Milestone continues to sandbag its own attorney.

Finally, the underlying circumstances surrounding Milestone's obstructionism are telling of Milestone's bad faith and willful disregard.  Milestone purportedly made a "loan" to OTISCO and recorded the Milestone DOT against the Property.  Despite Milestone's attempted discovery "embargo," Plaintiff's investigation has revealed Milestone, Milestone's borrower (OTISCO), and

Romspen's borrower who gave Romspen the Romspen DOT (GLNH) are, in fact, <u>all interrelated entities doing business at the same address and under Choudhri's control</u>.

Plaintiff contends no loan was made between Milestone and OTISCO and the Milestone DOT is invalid and/or fraudulent. Despite this contention, Milestone has steadfastly refused to provide even documentation and communications demonstrating consideration for the Milestone DOT. Plaintiff has requested documents evidencing the loan, distribution of loan proceeds, payment history, and documents reflecting Milestone's enforcement of the Milestone DOT. Milestone has refused to provide this discovery in defiance of the Agreed Discovery Order. Plaintiff noticed the depositions of Williams and Nasr—both were abruptly cancelled. Plaintiff subpoenaed the deposition of Ms. Choudhri, she has evaded service. Plaintiff subpoenaed OTISCO for documents and a deposition, OTISCO ignored the subpoenas forcing Plaintiff to file a Motion to Compel in the Southern District of Texas.[13]

These documents are not only directly relevant to Plaintiff's claims but would likely be exculpatory—assuming such records exist and are legitimate. Yet, Plaintiff has been forced to obtain a Court order to require production of these documents—and Milestone still refuses to produce them.

> **If these documents would tend to support Milestone's defenses, why would Milestone refuse to comply with its discovery obligations, agree to be sanctioned, and defy this Court's order rather than simply produce them?**

Plaintiff suspects the answer is because such documents either do not exist or are fraudulent.

Given the facts, circumstances, and Milestone's dilatory conduct in this matter, it appears Milestone and OTISCO are engaged in a coordinated effort to prevent Plaintiff from discovering

---

[13]     Plaintiff served subpoenas on OTISCO for documents and a deposition. OTISCO, like Milestone, ignored Plaintiff's subpoenas. As OTISCO is located and was served in Houston, Texas, Plaintiff filed a Motion to Compel in the United States District Court for the Southern District of Texas, Houston Division, in Miscellaneous Action No. 4:25-mc-00376. Due to inactivity in the miscellaneous proceeding, Plaintiff voluntarily dismissed the action.

critical information that supports Plaintiff's claims in this lawsuit.  Tellingly, Plaintiff has now secured stipulated judgments against both alleged "substitute trustees" under the Milestone DOT.[14] And, the day after the Agreed Discovery Order was entered, OTISCO—an entity with no discernable interest in this matter—filed an objection to Plaintiff's plan in the main bankruptcy case.[15]  At a minimum, these facts demonstrate Milestone's continued discovery abuse is willful and done in bad faith.

### B.      Milestone's violations substantially prejudice Plaintiff.

Plaintiff has diligently sought discovery from Milestone to further investigate its claims and prepare for trial.  The Written Discovery Requests have been pending for over seven months. Milestone's refusal to provide responses and documents has already required two continuances of the docket call and discovery deadlines.  Plaintiff is dramatically limited in its ability to move forward with depositions, much less prepare for trial, without this critical discovery.  While Plaintiff's own investigation has revealed circumstantial evidence supporting its claims, such independent investigation can only go so far.  Plaintiff is prevented from obtaining evidence to support its claims, as such evidence is necessarily only within Milestone's (and nonresponsive OTISCO's) possession, custody, and control—and unavailable from any other source.

### C.      Lesser sanctions would be insufficient.

The Fifth Circuit "has rejected the view that a court is 'required to attempt to coax [parties] into compliance with its order by imposing incrementally increasing sanctions.'"  *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 317 (5th Cir. 2013) (quoting *U.S. v. $49,000 Currency*, 330 F.3d 371, 379 (5th Cir. 2003)).  Indeed, a district court acts "'well within its discretion in awarding default judgment as a sanction,' where—as is the case here—a party was uncooperative

---

[14]      *See* Adversary Dkt. 63 (Daves); Adversary Dkt. 79 (Cedillos).
[15]      *See* Main Bankruptcy Dkt. 80.

in its initial discovery production and subsequently did not abide by a court's discovery order aimed at remedying the problem." *Timms*, 657 Fed. App'x at 231 (quoting *$49,000 Currency*, 330 F.3d at 379).

Here, Milestone acknowledged and agreed that its conduct is unjustifiable and warrants monetary sanctions.  And Milestone agreed to the entry of the Agreed Discovery Order, which expressly provides for sanctions if violated.  Yet, Milestone willfully defied the terms of the Agreed Discovery Order.  *See U.S. v. Real Property Known as 200 Acres of Land . . .* , 773 F.3d 654, 660 (5th Cir. 2014) (affirming death penalty sanctions because, among other reasons, defendant willfully failed to comply despite the court's warnings of possible consequences for non-compliance).

Milestone's tardy production of documents and Interrogatory responses does not change this analysis.  To date, Milestone has continually refused to provide responses and documents despite (1) its own counsel's requests, (2) Plaintiff's threats to seek sanctions, (3) Plaintiff's Motion to Compel, and, now, (4) the Court's entry of the Agreed Discovery Order. Thus, Plaintiff has <u>no</u> confidence Milestone has (or will) fully and completely respond to the Interrogatories or produce all documents responsive to the RFP, as agreed by the parties and ordered by the Court. As indicated above, the documents are insufficient and, notwithstanding, Milestone refuses to serve supplemental RFP Responses or otherwise respond to Plaintiff's inquiry as to whether all documents in Milestone's possession, custody, and control have been produced.[16]  Thus, Milestone would force Plaintiff and the Court to expend countless hours determining whether Milestone's responses and document production are full and complete.  *See Fuqua v. Horizon/CMS Healthcare*

---

[16]    On April 16, 2025, Milestone's counsel verbally represented that all documents received from his client have been produced and, other than documents relating to Milestone's forfeited authorization to conduct business in Texas, he expects to receive no additional documents.  *See* Hanna Dec., ¶ 24.

*Corp.*, 199 F.R.D. 200, 206 (N.D. Tex. 2000) (awarding litigation-ending sanctions to plaintiff despite defendant's untimely production of documents and holding, in relevant part, lesser sanctions are insufficient because of the hours required to confirm defendant has produced all discoverable documents).

For seven months, and despite numerous broken promises, extensions, warnings, motions, and, now, the Court's Agreed Discovery Order, Milestone has willfully refused to respond to discovery, produce documents, or produce witnesses for depositions.  It is clear no lesser sanction than default judgment will deter Milestone's egregious behavior.  Accordingly, Plaintiff requests the Court enter default judgment against Milestone.

## II. ALTERNATIVELY, MILESTONE'S PLEADINGS SHOULD BE STRICKEN, UNTIMELY-PRODUCED DOCUMENTS SHOULD BE DEEMED INADMISSIBLE, AND THE COURT SHOULD ENTER FINDINGS OF FACT FAVORABLE TO PLAINTIFF

In the alternative, and at a minimum, Plaintiff requests the Court (i) strike Milestone's pleadings, (ii) prohibit Milestone from introducing untimely documents into evidence, and (iii) order that certain facts be taken as established for purposes of this action.  FED. R. CIV. P. 37(b)(2)(A)(i), (ii), and (iii).  Plaintiff requests the Court strike Milestone's pleadings and enter findings of fact, pursuant to Rule 37, so that Plaintiff may move for summary judgment, and prohibit Milestone from relying on any documents not timely produced in opposition (or at trial). Although Plaintiff believes the record supports each of the *Conner* Factors, as discussed above, these alternative sanctions do not require such findings.  *See Law Funder*, 924 F.3d at 759.  Instead, the Court need only find that such sanctions are "just and related to the particular claim" at issue in the Agreed Discovery Order.  *Id*.

First, Plaintiff requests the Court strike Milestone's pleadings because Milestone is refusing to respond to discovery not only relevant to Plaintiff's claims but tailored to disclose

information and documents related to Milestone's denials and defenses.  Milestone has produced virtually no documents or information relevant to Plaintiff's claims.  And nothing else is forthcoming.  Any documents and information that Milestone may introduce at trial is untimely and, pursuant to the Agreed Discovery Order, inadmissible.

Second, Plaintiff requests the Court enter an order prohibiting Plaintiff from relying on any documents produced after the April 8, 2025, deadline set forth in the Agreed Discovery Order. Indeed, the Agreed Discovery Order contemplates such sanctions for untimely produced documents.

Third, the Court should enter findings of fact in favor of Plaintiff.  As discussed above, Plaintiff's independent investigation has revealed Milestone, OTISCO, and GLNH are interrelated entities purporting to do business at the same address (1001 West Loop) and controlled by Choudhri.  Plaintiff has requested Milestone produce documents and information evidencing its purported loan to OTISCO, funding of such loan, payment by OTISCO (or lack thereof), and Milestone's enforcement of the Milestone DOT (or lack thereof) before Plaintiff's acquisition of title to the Property.  Further, Plaintiff has requested discovery regarding Milestone's relationship, communications, and agreements with OTISCO.  Milestone has failed to provide this information and, in fact, would seemingly rather be sanctioned by the Court than produce this obviously relevant information.  Such behavior supports an inference that Milestone refuses to provide this discovery because the documents and information support Plaintiff's claims that the Milestone DOT is invalid and fraudulent—because there <u>was no loan</u>.

The proposed findings are set forth in the proposed order accompanying this motion.  Each of the proposed findings is tailored narrowly to the expected contents of the compelled discovery. Moreover, each of the proposed findings is relevant to the claims and defenses in this litigation.

Accordingly, to the extent the Court declines to enter default judgment against Milestone, Plaintiff urges the Court to strike Milestone's pleadings, deem all late-produced documents and responses inadmissible, and issue detailed findings of fact favorable to Plaintiff as a consequence of Milestone's failure to comply with the Agreed Discovery Order and refusal to produce Williams and Nasr for depositions.

## III.    PLAINTIFF IS ENTITLED TO ATTORNEYS FEES AND COSTS

In addition to the above remedies, the Court should require Milestone pay Plaintiff's attorneys' fees and costs associated with all discovery attempted by Plaintiff, the discovery orders obtained, and this motion.  Rule 37(b) and (c) anticipate that a sanctioned party should bear the injured party's fees and costs, and courts commonly require parties who disobeys discovery orders and violate Rule 26 to disclose and supplement to reimburse the injured party for the costs incurred. FED. R. CIV. P. 37(b)(2)(A)(i) (the Court "must" order the disobedient party to pay reasonable expenses, including attorney's fees, caused by the failure); *see also, e.g.*, *U.S. v. Ocwen Loan Serv'g*, No. 4:12-CV-543, 2016 WL 3189589, at *4 (E.D. Tex. June 8, 2016).  Here, Milestone is at fault, and they should bear financial liability for Plaintiff's legal fees incurred.

## CONCLUSION

Therefore, for the foregoing reasons, Plaintiff RIC (Lavernia), LLC requests the Court grant this Motion for Sanctions and (i) enter default against Defendant Milestone Capital CRE 1, LLC or, alternatively, enter an order striking Defendant's pleadings, entering the findings of fact set forth in the proposed order, and prohibiting Defendant from relying upon any untimely produced documents; (ii) ordering Defendant pay Plaintiff's attorneys' fees and costs associated with this motion; and, (iii) awarding Plaintiff such further relief as the Court deems just and appropriate.

Dated: April 21, 2025                    Respectfully submitted,

                                         **BRYAN CAVE LEIGHTON PAISNER LLP**

                                          /s/ Justin D. Hanna
                                         Kyle S. Hirsch
                                         Texas Bar No. 24117262
                                         Justin D. Hanna
                                         Texas Bar No. 24095726
                                         2200 Ross Ave., Suite 4200W
                                         Dallas, Texas 75201
                                         (214) 721-8000 (Telephone)
                                         (214) 721-8100 (Facsimile)
                                         kyle.hirsch@bclplaw.com
                                         justin.hanna@bclplaw.com

                                         **ATTORNEYS FOR PLAINTIFF RIC (LAVERNIA) LLC**

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that on April 16 and 17, 2025, I conferred with Milestone's counsel, Kell C. Mercer, regarding the foregoing motion and the relief sought therein.  Mr. Mercer confirmed that this Motion for Sanctions is OPPOSED.

                                          /s/ Justin D. Hanna
                                         Justin D. Hanna

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2025, the foregoing was served via the Court's CM/ ECF system on all parties authorized to receive electronic notice in this case, including the following counsel:

George H. Spencer, Jr. and Natalie F. Wilson
Langley & Banack, Inc.
gspencer@langleybanack.com
nwilson@langleybanack.com
***Attorneys for John and Lori Daves***

Kell C. Mercer
KELL C. MERCER, P.C.
kell.mercer@mercer-law-pc.com
***Attorney for Defendant Milestone Capital CRE 1, LLC and Andres Cedillos***

Peter J. Stanton
The Law Offices of Peter J. Stanton
stanton@pstantonlaw.com
***Attorney for Defendant Milestone Capital CRE 1, LLC***

*/s/ Justin D. Hanna*
Justin D. Hanna